363 P.2d 1113

James G. MORRISON, Plaintiff and Respondent,

v.

Joseph F. HORNE, Director of Zoning and Building of Salt Lake County, Defendant and Appellant.

No. 9394.

Supreme Court of Utah.

Aug. 4, 1961.

**132**

Grover A. Giles, Salt Lake County Atty., Gerald E. Nielsen, Deputy Salt Lake County Atty., Salt Lake City, for defendant and appellant.

James E. Faust, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice.

Appeal from a mandate requiring the county zoning authorities to issue a building permit for construction of a service

1. Sec. 8-4-6, Zoning Ordinance of Salt Lake County, Utah, Dec. 6, 1953, as amended June 15, 1957: "A building or structure or portion thereof occupied by

station on a nonconforming use basis. Reversed. No costs awarded.

The subject property admittedly lies in an area that in 1953 was zoned residential. Thereafter and for a number of years, however, the county assessor listed and assessed it as commercial property. A small store building stood on the lot. It is a corner lot at the intersection of what will be two main arterial highways. The store has been vacant since as early as 1955 and perhaps earlier. The applicant for the permit executed a contract to purchase it about July, 1960. It burned down in September, 1960. In November, same year, the applicant for the permit to build sued to obtain the mandate in question. Nothing in the record reflects anything as to whether predecessors in interest had intended to abandon the use of the property as a store, and under the facts here we think the matter uncontrolling.

The zoning authorities urge that 1) the contemplated use of the property for a gas station being a nonconforming use, the burden was on the applicant to prove a right to such use of the property, which burden was not sustained; 2) that since the property was vacant for a period of at least five years continuously after the one-year ordinance [1] was passed, and until the fire,

a nonconforming use, which is, or hereafter becomes, vacant and remains unoccupied by a nonconforming use for a continuous period of one (1) year except

there was an effective abandonment of the nonconforming use, precluding the subsequent use save for residential purposes; 3) that the county is not estopped to assert the residential zoning requirement because erroneously an assessor had listed the property as commercial.

The applicant counters with a denial of these contentions, and adds that, even so, the one-year abandonment ordinance is unconstitutional.

■ As to 1): It is generally held that "One claiming a nonconforming use has the burden of proof to show that such use was established prior to the effective date of the zoning ordinance and continued to date."[2] There is nothing in the record to show that such burden was sustained. Contrariwise, it was negatived by the applicant's own testimony that he knew the property to have been vacant for four or five years before he acquired an interest therein.[3] "One taking property with knowledge that for many years it has not been employed for a nonconforming use takes subject to the zoning restriction against that use."[4]

■ As to 2): Since there was a protracted period of unexplained vacancy and no showing of any nonconforming use for four or five continuous years, it would appear that Section 8–4–6 of the ordinance operates in this case to preclude the erection of anything but a residence by the applicant, unless the county is estopped to deny a right of commercial use of the property, or unless the ordinance is unconstitutional.

■ As to estoppel: It would be unreasonable and unrealistic to conclude that a clerk or a ministerial officer having no authority to do so, could bind the county to a variation of a zoning ordinance duly passed, to which everyone has notice by its passage and publication, because a ministerial employee erred in characterizing the type of property. The authorities generally support such a conclusion,[5] and we are constrained to and do hold that the assessor's erroneous description of the subject property as commercial does not preclude the zoning authorities from denying the permit for the service station.

for dwellings, shall not thereafter be occupied except by a use which conforms to the use regulations of the zone in which it is located."

2. Rhyne, Municipal Law, Zoning & Planning, Sec. 32–27, p. 906.

3. In Auditorium v. Board of Adjustment, 8 Terry 373, 47 Del. 373, 91 A.2d 528, it was held that nonuser of a nonconforming use for more than two years conclusively was presumed to be an abandonment, under an ordinance similar to ours, except for time limitation.

4. McQuillan, Municipal Corporations, 3d Ed. Revised, Vol. 8, Sec. 25.191, p. 491.

5. Metzenbaum, Law of Zoning, Second Edition, Ch. V–t, p. 162 et seq.; 1 A.L.R.2d 351, et seq.

## 134

■ As to the contention that the ordinance is unconstitutional as depriving one of property without due process, the authorities generally conclude that zoning ordinances isolating areas for residential purposes constitutionally may exclude commercial and industrial enterprises.[6]

■ Offhand, it would strike us laymen that on the corners of two intersecting multilaned highways, carrying an immense amount of traffic, residences would not represent the highest and best use, and that perhaps a variance might be justified. But we are in no position to substitute our judgment for that of the duly constituted zoners, if not quite arbitrary.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I concur except as to the last paragraph of the main opinion which makes observations in regard to zoning and a possible variance.

This is not our concern, and if it were, there are many factors not disclosed in the record before us which it would be necessary to consider before making a decision or even a well-advised comment thereon.

6. Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; Salt Lake City v. Western Foundry, 55 Utah 447, 187 P. 829; Rhyne, Municipal Law Zoning & Planning, Sec. 32–2, p. 812, et seq.