381 P.2d 724

**The STATE of Utah, by and through its ROAD COMMISSION, Plaintiff and Respondent,**

v.

**ESTATE of Ida HOLT, deceased, Robert L. Holt and Johanna G. Holt, his wife, Defendants and Appellants.**

No. 9763.

Supreme Court of Utah.

May 27, 1963.

John E. Stone, Robert C. Cummings, Salt Lake City, for appellants.

A. Pratt Kesler, Atty. Gen., Norman S. Johnson, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a jury verdict and judgment thereon in a condemnation proceeding commenced by the Utah State Road Commission, respondent herein, in which appellants were awarded the sum of $1,500 as compensation for real property taken by the State for public purposes.

The property in question was triangular in shape and when acquired by appellants in 1926 was used as commercial property for a drive-in root beer stand which use continued until 1948 or 1949 at which time the buildings thereon were destroyed by fire. Appellants did not attempt to rebuild thereon but paid taxes and intended to sell the property. The property is situated in Bountiful, Davis County, Utah. In 1938 Bountiful City passed a zoning ordinance and the property involved herein is now zoned residential. The State's evidence is that this particular property because of

its location (being surrounded by highways) and size (less than that allowed by zoning ordinance for one family dwelling) did not have great value. The top value being placed on it by one of the State's expert witnesses was $700 and the low by another such witness was $100. Appellant Robert L. Holt testified that it was worth over $10,000 for either commercial or residential purposes. The trial court refused to admit appellants' proffered testimony of expert witnesses on the commercial value of the property because under the zoning ordinances this would be a non-conforming use and there was no proof or proffer of proof that there was a probability of a zoning change or variance in the near future to commercial. The court was further of the opinion that appellants at the time of the taking of the property by the State had failed to retain their non-conforming use after the passage of the zoning change to residential.

■■ Appellants contend that the court erred in refusing to admit the proffered testimony in evidence because a non-conforming use prior to the zoning change to residential had been proved and appellants could not thereafter be deprived of their non-conforming use by the change. In Morrison v. Horne[1] this court held adversely to such a contention. In that case we determined that the burden of proving the right to a non-conforming use of property under an ordinance similar to the one involved herein[2] was on the property owner and evidence which showed a discontinuance of the non-conforming use for a period of five years after the one-year period provided in the ordinance proved an effective abandonment of such right and the property was thereafter subject to the zoning requirement. In the instant case there has been a discontinuance of the non-conforming use for more than 12 years.

■ Appellants further contend that even though the zoning ordinance would be valid generally speaking, nevertheless, in its application to the property involved herein it is invalid because the proof showed that it could not be used for residential purposes, the lot being too small to conform to the provisions of the zoning ordinance in that regard and therefore it was practically valueless for any purpose other than commercial, for which use its value was substantial. In support of such contention they cite Tews v. Woolhiser.[3] In that case the Illinois court held a highly injurious restriction to residential in a zon-

1. Morrison v. Horne, 12 Utah 2d 131, 363 P.2d 1113.
2. Bountiful City, Sec. 24–18, subsec. 4. One Year Vacancy—A building, structure or portion thereof, non-conforming as to use, which is, or hereafter becomes vacant, and remains unoccupied for a continuous period of one (1) year, shall not thereafter be occupied except by a use which conforms to the use regulations of the zone in which it is located.
3. Tews v. Woolhiser, 352 Ill. 212, 185 N.E. 827.

ing ordinance on property surrounded by other property being used exclusively for non-residential purposes was invalid because it lacked a basis in public good and came within ·a constitutional inhibition against taking private property without just compensation. The property condemned by the State herein, unlike the property in the Illinois case, is situated in an area chiefly residential and there is no reason to conclude that the zoning ordinance was not passed for the general welfare of the public.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.